IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN KLEKOTKA, | § | |
| | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:11-CV-03820 |
| | § | |
| THE HONORABLE JERRY WINFREE, IN HIS | § | |
| INDIVIDUAL AND OFFICIAL CAPACITIES, | § | |
| PAMELA DENEVE, ROBERT DENEVE, AND | § | |
| JOHN DOE, | § | |
| | § | |
|     *Defendants*. | § | |

## ORDER

Pending before this court are defendant Judge Jerry Winfree's motion to dismiss (Dkt. 5), motion to take judicial notice of adjudicative facts (Dkt. 6), and request for sanctions (Dkt. 5). Also before this court is plaintiff John Klekotka's motion to extend submission date to January 16, 2012. Dkt. 8. Based on consideration of the pleadings, the record, and the applicable law, the court finds that Klekotka's motion to extend and Judge Winfree's motion to take judicial notice should be GRANTED, and that this case should be DISMISSED for lack of subject matter jurisdiction. Alternatively, the motion to dismiss should be GRANTED. Additionally, the court DENIES Judge Winfree's request for sanctions; however, the court *sua sponte* ORDERS Klekotka to show cause why his conduct does not merit Rule 11 sanctions.

### I. BACKGROUND

Klekotka complains of the adverse result in a forcible detainer lawsuit filed against him relating to a residence he leased from Pamela and Robert DeNeve. Dkt. 15. The Justice Court in Montgomery County, Texas heard testimony and ruled in favor of the DeNeves, granting them

possession and back rent on the leased residence. *Id.* On appeal to the County Court at Law No. 2, Montgomery County, Texas, Judge Winfree presided over a hearing on a motion for writ of possession, and ruled in favor of the DeNeves. *Id.* The Ninth Court of Appeals in Beaumont, Texas, affirmed the judgment, and the Supreme Court of Texas dismissed the petition for review. *Klekotka v. Deneve*, No. 09-10-00255-CV, 2011 WL 550081 (Tex. App.–Beaumont Feb. 17, 2011, pet. dism'd) (mem. op.).

Klekotka argues that Judge Winfree violated Klekotka's constitutional right to due process by granting a writ of possession in favor of the DeNeves because the County Court did not have jurisdiction to rule on the writ. Dkt. 15. Klekotka brings this § 1983 and abuse of process suit seeking relief in the form of compensatory and punitive damages that he allegedly suffered from being evicted from the leased residence.[1] *Id.*

## II. ANALYSIS

### A. Judicial Notice

Federal Rule of Evidence 201(b)(2) allows a court to take judicial notice of a fact that is not subject to reasonable dispute if it can be accurately and readily determined from credible sources. Fed. R. Evid. 201(b)(2). Judge Winfree has requested that the court take judicial notice of the fact that the Texas Ninth Court of Appeals in Beaumont, Texas has already adjudicated the issues of Judge Winfree's exercise of jurisdiction over Klekotka's appeal to the County Court, along with the factual sufficiencies of Judge Winfree's findings of fact, judgment, and award of damages. Dkt. 6.

---

[1] Klekotka has separately alleged six Texas claims against the DeNeves in his amended complaint. Dkt. 15. This order is limited only to the federal § 1983 claim and abuse of process claim against Judge Winfree.

Since the state appellate decision is a publicly recorded opinion, the court takes judicial notice of the facts pursuant to Fed. R. Evid. 201(b)(2).

**B. *Rooker-Feldman* Doctrine**

While Judge Winfree did not raise the *Rooker-Feldman* doctrine specifically in his motion, "federal courts are duty-bound to examine the basis of subject-matter jurisdiction sua sponte." *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004). Therefore, pursuant to the court's obligation in examining whether it has jurisdiction to hear Klekotka's claims, the court finds that it lacks jurisdiction pursuant to the *Rooker-Feldman* doctrine.

Under the *Rooker-Feldman* doctrine, federal courts are deprived of subject matter jurisdiction in "cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517 (2005). Unsuccessful state court litigants "may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Hale v. Harney*, 786 F.2d 688, 690-91 (5th Cir. 1986). Similarly, a plaintiff cannot circumvent the *Rooker-Feldman* jurisdictional limitation by asserting claims framed as original claims for relief if the claims are "inextricably intertwined" with the state court judgment. *Id*. at 691; *see also United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994).

Klekotka's claims in the instant case—that Judge Winfree's granting of a writ of possession against Klekotka in a state court forcible detainer action constituted an abuse of process and violated Klekotka's constitutional right to due process—are inextricably intertwined with the merits of the underlying state lawsuit and appeals. All of Klekotka's claims deal directly with the procedural

3

issues in the state court forcible detainer action already addressed by the state appellate system. Klekotka essentially complains that Judge Winfree did not have jurisdiction to preside over the action, abused process in granting the DeNeves' motion for writ of possession, and that the court's ruling deprived Klekotka of due process. Dkt. 15. The Ninth Court of Appeals in Beaumont, Texas affirmed the County Court's judgment as to its jurisdiction to hear the case, and for legal and factual sufficiency of evidence, and the Supreme Court of Texas dismissed the petition for review. *Klekotka*, 2011 WL 550081, at *4. If this court were to rule in Klekotka's favor on these claims, it would effectively undermine and set aside the state courts' rulings. A federal review of these previously-litigated claims would constitute an impermissible collateral attack on those state court judgments. *See Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) (stating that the *Rooker-Feldman* doctrine prohibits collateral attacks on state court judgements, and that "[c]onstitutional questions arising in state proceedings are to be resolved by the state courts").

Even though Klekotka's claims are characterized as violations of federal law, the *Rooker-Feldman* doctrine prohibits lower federal courts from hearing claims that would constitute a *de facto* appellate review of state court judgments. *See id.* (holding that "[t]he casting of a complaint in the form of a civil rights action cannot circumvent" the *Rooker-Feldman* doctrine). Therefore, because the state courts have already adjudicated the issue of the County Court's jurisdiction, the *Rooker-Feldman* doctrine divests this court of subject-matter jurisdiction to hear this case.

## C. Absolute Judicial Immunity

Moreover, even if the court had jurisdiction to hear this case, Klekotka's case should be dismissed because, as Judge Winfree argues, the claims are barred by judicial immunity. "Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages." *Ballard*

*v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). "Although unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Mireles v. Waco*, 502 U.S. 9, 10, 112 S.Ct. 286 (1991).

The Supreme Court has consistently adhered to the rule that judges defending against section 1983 actions enjoy absolute immunity for acts performed in their judicial capacities. *Dennis v. Sparks*, 449 U.S. 24, 27, 101 S.Ct. 183 (1980). There are only two instances when judicial immunity does not apply: (1) when the judge was not acting in his judicial capacity; and (2) when the judge acted in complete absence of jurisdiction, even if the actions were judicial in nature. *Mireles*, 502 U.S. at 11-12.

Klekotka carries an enormous burden to abrogate judicial immunity in a suit for damages. Immunity will apply even where a judge's action "was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099 (1978). The Supreme Court has distinguished between acting in "complete absence of jurisdiction" and merely "acting in excess of jurisdiction." "[I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune." *See id.* at n.7.

Neither instance of abrogating immunity applies in this case. Klekotka alleges that Judge Winfree did not have jurisdiction to preside over the motion for writ of possession before his court.

5

Klekotka argues that Texas Rule of Civil Procedure 753 requires that the County Court wait eight full days before commencing a trial. Dkt. 15. Klekotka has cited no authority that a failure to follow a procedural technicality would constitute the "clear absence of jurisdiction" needed to abrogate judicial immunity, and the court has found none. Moreover, the record shows that the motion for writ of possession was a "hearing" and not a "trial," which renders Rule 753 inapplicable to this case. Tex. R. Civ. P. 753. The County Court in which Judge Winfree presided had proper appellate jurisdiction over the Justice Court. Tex. Gov't Code Ann. §§ 26.041-42 (West 2012). Furthermore, the Ninth Court of Appeals of Texas has held that the County Court did indeed have jurisdiction over the dispute. *Klekotka*, 2011 WL 550081. Therefore, not only did Judge Winfree clearly act within his judicial capacity, he also acted with proper jurisdiction over the appeal before him. Thus, circumstances do not justify abrogating immunity in this case. Accordingly, Klekotka's claims against Judge Winfree are barred by judicial immunity.

**D. Rule 11 Sanctions**

Judge Winfree has requested that the court impose sanctions against Klekotka for abusing the judicial system and filing groundless pleadings. Dkt. 5. However, Federal Rule of Civil Procedure 11(c)(2) explicitly states that a "motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates 11(b)." Fed. R. Civ. P. 11(c)(2). Judge Winfree has embedded his request for sanctions into his motion to dismiss, rather than filing a stand-alone motion for sanctions. Dkt. 5. Furthermore, Judge Winfree's request does not describe specific conduct indicating that Klekotka has violated any Rule 11(b) obligations. Therefore, Judge Winfree's request for sanctions is DENIED.

However, the court is considering imposing sanctions *sua sponte* against Klekotka for violating his Rule 11(b) obligations. Fed. R. Civ. P. 11(c)(3). In accordance with Rule 11(c)(3), the court must first give the party an opportunity to "show cause why conduct specifically described in the order has not violated Rule 11(b)." *Id.* The court has determined that Klekotka has likely violated Rule 11(b) by attempting to invoke the subject matter jurisdiction of this court contrary to the *Rooker-Feldman* doctrine and bringing a groundless suit against a judicial officer that enjoys absolute immunity from suit. Klekotka is a *pro se* plaintiff, and *pro se* litigants are generally afforded extreme deference. However, Rule 11 sanctions may be imposed against *pro se* litigants in appropriate circumstances, and such "sanctions may be particularly appropriate when the offending party, although proceeding *pro se*, has demonstrated . . . competence in finding and understanding applicable law." *Smith v. Educ. People, Inc.*, 233 F.R.D. 137, 142 (S.D.N.Y. 2005), *aff'd* 2008 WL 749564 (2d Cir. Mar. 20, 2008). Judge Winfree contends that Klekotka obtained a juris doctorate degree from the University of Connecticut in 2003, and Klekotka represents himself as having a juris doctorate degree in documents filed with the court. *See* Dkts. 5, 19. The court ORDERS Klekotka to show cause within 21 days of this order why monetary sanctions should not be imposed.

### III. Conclusion

This lawsuit is DISMISSED for lack of jurisdiction. In the alternative, Judge Winfree's motion to dismiss is GRANTED and this lawsuit is DISMISSED as barred by judicial immunity. Also, Klekotka's motion to extend submission date and Judge Winfree's motion to take judicial notice are GRANTED. Additionally, Judge Winfree's request for sanctions is DENIED, but Klekotka is ORDERED to show cause why sanctions should not be imposed within 21 days of this order as outlined above.

It is so ORDERED.

Signed at Houston, Texas on March 30, 2012.

_____
Gray H. Miller
United States District Judge