IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN KLEKOTKA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:11-03820 |
| | § | |
| PAMELA DENEVE, ROBERT DENEVE, AND | § | |
| JOHN DOE, | § | |
| | § | |
| *Defendants.* | § | |

### ORDER

Plaintiff John Klekotka appeared before the court in a hearing to determine if diversity jurisdiction existed over his state-law claims on November 29, 2012, at 9:00 a.m.  The court had ordered Klekotka to appear so that it could determine where Klekotka was domiciled at the time he filed his original complaint against defendants Jerry Winfree, Pamela Deneve, Robert Deneve, and John Doe on October 28, 2011.  Dkt. 39.  After ascertaining Klekotka's responses to questions relating to his citizenship under oath, the court is convinced that Klekotka was a citizen of Texas on October 28, 2011, and that diversity jurisdiction does not and did not exist.  No remaining federal claims remain, and the court declines to exercise supplemental jurisdiction.

### I. BACKGROUND

The original and amended complaints asserted that this court had jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(3), that it had jurisdiction based on diversity of citizenship because the defendants were residents of Texas and plaintiff was a resident of Connecticut, and that the court could exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over state law claims. Dkts. 1, 13.  The complaints noted that Klekotka resided in Spring, Montgomery County,

Texas, but that he was a resident of the State of Connecticut at the time the claims accrued. Dkts. 1, 13. The complaints asserted federal claims against Winfree, but all claims against the remaining defendants were state law claims. Dkts. 1, 13. On March 30, 2012, the court issued an order dismissing the claims against Winfree for lack of subject matter jurisdiction. Dkt. 29. On August 24, 2012, the Deneves filed a motion for partial summary judgment. Dkt. 36. Upon reviewing this motion, the court noticed that it appeared from the face of the amended complaint that, despite Klekotka's assertion of diversity jurisdiction, that there was a lack of diversity. *See* Dkt. 39. The court therefore ordered Klekotka to appear and show cause as to why his state law claims should not be dismissed for lack of jurisdiction.

## II. LEGAL STANDARD

The court has a continuing obligation to ensure that it has subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). Klekotka asserted that the court could exercise subject matter jurisdiction over the state law claims against the DeNeves pursuant to 28 U.S.C. § 1332. Under section 1332, a district court may exercise diversity jurisdiction over civil actions where the amount in controversy is over $75,000 and the controversy is between citizens of different states. 28 U.S.C. § 1332(a)(1). However, the "'jurisdiction of the court depends upon the state of things at the time of the action brought.'" *Grupo Dataflux v. Atlas Global Grp.*, 541 U.S. 567, 571, 124 S. Ct. 1920 (2004) (quoting *L.P. Mollan v. Torrance*, 9 Wheat. 537, 539 (1824)). This "time-of-filing rule" "measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing—whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal." *Id.*

2

### III. ANALYSIS

Due to the "time-of-filing rule," the relevant time period for determining whether the court has diversity jurisdiction over this case is at the time Klekotka brought his claim. Thus, in order to determine if diversity existed, the court must determine if Klekotka, like the DeNeves, was a citizen of Texas on October 28, 2011.

"To be a citizen of a State within the meaning of section 1332, a natural person must be both a citizen of the United States . . . and a domiciliary of that State." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Id.* "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom.'" *Id.* (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)).

> In determining a litigant's domicile, the court must address a variety of factors. No single factor is determinative. The court should look to all evidence shedding light on the litigant's intention to establish domicile. The factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his [or her] family.

*Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996); *see also Acridge*, 334 F.3d at 448 (quoting the factors from *Coury*). "A litigant's statement of intent is relevant to the determination of domicile, but it is entitled to little weight if it conflicts with the objective facts." *Coury*, 85 F.3d at 251; *see also Acridge*, 334 F.3d at 448.

Here, Klekotka admitted that he lived in Spring, Texas, at the time he filed the complaint, that he had a Texas driver's license and had registered his vehicles in Texas, that he paid sales taxes

3

in Texas,[1] and that he had sold his house in Connecticut and had severed his ties with Connecticut. The court finds that these responses definitively establish that Klekotka was a citizen of Texas at the time he filed his complaint.  Thus, the court cannot exercise diversity jurisdiction over Klekotka's state-law claims.

### IV. Conclusion

As stated on the record, Klekotka's claims against the DeNeves are hereby DISMISSED WITHOUT PREJUDICE for lack of jurisdiction, as there is a lack of diversity, and the court declines to exercise supplemental jurisdiction.  *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639, 129 S. Ct. 1862 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction" after it has dismissed "every claim over which it had original jurisdiction" is "purely discretionary"); *McClelland v. Gronwaldt*, 155 F.3d 507, 519 (5th Cir. 1998), *overruled in part on other grounds by Arana v. Ochsner Health Plan*, 338 F.3d 433, 440 (5th Cir. 2003) (noting that the Fifth Circuit's "'general rule' is to decline to exercise jurisdiction over the pendent state law claims" when all federal claims have been dismissed).

It is so ORDERED.

Signed at Houston, Texas on November 29, 2012.

_____

Gray H. Miller
United States District Judge

---

[1]  Klekotka noted that he did not pay property taxes because he did not own property and that, even if he did own property, he would not be required to pay taxes due to his status as a disabled Veteran.